UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLOTTE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-cv-01171-SRC |
| CARMEN JOHNSON, | ) ) ) |
| Defendant. | ) ) |

**Memorandum and Order**

This matter is before the Court upon the motion of self-represented plaintiff Charlotte Johnson for leave to commence this action without prepayment of the required filing fee. Doc. 2.  Having reviewed the motion and the financial information submitted in support, the Court grants the motion and waives the filing fee.  Furthermore, after reviewing the Complaint, the Court directs Plaintiff to show cause as to why this action should not be dismissed for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

### I. Background

Plaintiff Charlotte Johnson filed this action on the Court's civil complaint form against defendant Carmen Johnson.  Doc. 1 at 1–2.  According to the complaint, the basis for federal court jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332.  *Id.* at 3.  Plaintiff states that she is a citizen of the state of Missouri and defendant is a citizen of the state of Maryland.  *Ibid.* Plaintiff leaves the section designated "The Amount in Controversy" blank, *id.* at 4, but later states: "I Charlotte Johnson am looking for punitive damages of $100,000." *Id.* at 5.

Plaintiff's statement of claims is as follows, in its entirety:

Claim I Defamation of Characte[r]
My name is Charlotte Johnson. My elder sister Carmen Johnson upon initiating
my brother Dwayne into his new living place. Identified me with being mentally

> ill. My sister Carmen Johnson proceeded to give the full address state and zip code. This is a false false statement –
> Dwayne admitting paper work is seen by employer new (nurses) employer (every day). I believe she has also violated his right.
>
> Claim II I Charlotte Johnson was given voluntarily and intentionally the property (house) at 7524 Carleton University City St. Louis Mo 63130 by 3 sibbling [sic] on the deed and others. All who had keys gave me the keys. I accepted the property.

*Ibid.*

### II.      Legal Standard

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).  The Court has the duty to determine its jurisdiction and to raise the issue of subject-matter jurisdiction *sua sponte*, if necessary.  *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010).  The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

### III.     Discussion

Federal courts are courts of limited jurisdiction.  This Court, unlike state or local courts, has jurisdiction to hear only limited kinds of cases: cases involving the Federal Constitution, federal laws, or treaties of the United States under 28 U.S.C. § 1331; and cases where diversity jurisdiction exists under 28 U.S.C. § 1332.  This lawsuit does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to § 1331 is inapplicable.  Therefore, this Court may only hear this case if diversity jurisdiction exists under § 1332.

Under § 1332, this Court has diversity jurisdiction over cases in which two conditions are met: first, the parties must reside in different states, and second, the amount in controversy must exceed $75,000.  The amount in controversy is to be ascertained from the complaint itself.

2

*Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). In order to satisfy the jurisdictional requirement of $75,000, punitive damages are included, but "the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (citation omitted). When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995).

In this case, Plaintiff appears to allege jurisdiction on the basis of diversity. And although the parties do appear to be diverse in citizenship, Plaintiff has not alleged sufficient facts amounting to competent proof of the damages she seeks. Because Plaintiff does not provide competent proof that the amount in controversy will exceed the required amount of $75,000, the Court cannot find that the amount in controversy in this case meets the jurisdictional requirement. As a result, the Court orders Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

### IV. Conclusion

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2, and orders that the filing fee be waived. The Court also orders Plaintiff to show cause, in writing by no later than November 6, 2023, why this action should not be dismissed for lack of subject-matter jurisdiction. Plaintiff's failure to timely comply with this Order may result in the dismissal of this action without prejudice and without further notice.

So ordered this 2nd day of October 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE