UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-01171-SRC |
| | ) | |
| CARMEN JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum and Order**

Before the Court is self-represented plaintiff Charlotte Johnson's response to this Court's Order, Doc. 4, to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Doc. 6. For the reasons discussed below, the Court concludes that Plaintiff has failed to provide sufficient facts or evidence to demonstrate the requisite amount-in-controversy, and dismisses the case for lack of subject-matter jurisdiction.

### I.   Background

Plaintiff Charlotte Johnson filed this lawsuit on the Court's civil complaint form against her sister, defendant Carmen Johnson. Doc. 1 at 1–2. According to the Complaint, the basis for federal court jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 3. To that end, Plaintiff stated that she is a citizen of the state of Missouri, and that Defendant is a citizen of the state of Maryland. *Ibid.* Plaintiff left the section designated "The Amount in Controversy" blank, *id.* at 4, but later stated: "I Charlotte Johnson am looking for punitive damages of $100,000." *Id.* at 5.

Plaintiff's statement of claims was as follows, in its entirety:

Claim I Defamation of Characte[r]
My name is Charlotte Johnson. My elder sister Carmen Johnson upon initiating
my brother Dwayne into his new living place. Identified me with being mentally

> ill. My sister Carmen Johnson proceeded to give the full address state and zip code. This is a false false statement –
> Dwayne admitting paper work is seen by employer new (nurses) employer (every day). I believe she has also violated his right.
>
> Claim II I Charlotte Johnson was given voluntarily and intentionally the property (house) at 7524 Carleton University City St. Louis Mo 63130 by 3 sibbling [sic] on the deed and others. All who had keys gave me the keys. I accepted the property.

*Ibid.*

The Court reviewed the Complaint to satisfy itself of subject-matter jurisdiction and determined that although the parties appeared to be diverse in citizenship, Plaintiff had not sufficiently alleged facts amounting to competent proof of the damages she sought. Doc. 4. Accordingly, the Court directed Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction. *Id.* In response, Plaintiff explained that she "errored in leaving the amount in controversy of $100,000 for Compensatory damage blank" [sic], Doc. 6 at 1, and filed an "Amendment to Complaint," Doc. 7, explaining that she now sought "$100,000 for compensational Damages for the loss of my good reputation and for emotional distress" [sic]. *Id.* at 5. She did not, however, add factual allegations demonstrating the legitimacy of an amount-in-controversy in excess of $75,000.

## II.     Legal Standard

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and to raise the issue of subject-matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). And even "[w]hen a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction," if the Court "questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must

prove the requisite amount by a preponderance of the evidence." *Mo. ex rel. Pemiscot Cnty. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). In the end, the Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### III.    Discussion

Federal courts are courts of limited jurisdiction. When, as in this case, diversity jurisdiction is alleged under 28 U.S.C. § 1332, two conditions are required: the parties must be citizens of different states, and the amount in controversy must exceed $75,000. The amount in controversy is ascertained from the complaint and the facts alleged. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

When the Court directed Plaintiff to specifically demonstrate that she satisfied the amount-in-controversy requirement, Doc. 4, the burden fell upon her to "prove the requisite amount by a preponderance of the evidence." *Mo. ex rel. Pemiscot Cnty.*, 51 F.3d at 173. That requires offering specific facts or evidence demonstrating that "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Mere "[s]peculation and belief that a plaintiff's damages exceed $75,000 is insufficient to meet this burden." *Krebs v. Estate of Krebs*, No. 14-CV-1408–JAR, 2015 WL 2092469, at *4 (E.D. Mo. May 5, 2015).

But mere speculation and belief is the most that Plaintiff has demonstrated in this case. In her response to the Court's show-cause order, Plaintiff elaborates briefly on her original claims. She alleges that her sister defamed her by falsely indicating, on a form provided by her brother's nursing home, that Plaintiff suffers from a mental illness. Doc. 6 at 2. She also alleges that her family, which once gave her a house, now seeks to "take the house back," though she admits that Defendant and two of her siblings are on the deed and "have the ability to transfer the

3

property." *Id.* at 2.  These episodes, she claims, have caused her significant emotional distress. *Id.* at 3.  Notably, she does not allege that she legally owns the home, nor does she provide the value of the home—nor, most importantly, does she provide any facts relating to her emotional harm, or explain how $100,000 in damages would make her whole again.  Because Plaintiff does not demonstrate how her emotional distress amounts to the damages sought, her conclusory allegations of emotional harm are insufficient to establish the jurisdictional amount by a preponderance of the evidence.

### IV.   Conclusion

Plaintiff seeks $100,000 in compensatory damages for emotional distress related to a nursing-home form Defendant completed, and resulting from Defendant's attempt to remove Plaintiff from a family home.  Allegations of such damages on these limited facts are speculative at best.  Because Plaintiff has presented no specific facts or evidence demonstrating competent proof of the jurisdictional amount, the Court finds that the conditions of diversity jurisdiction are not satisfied, and that it lacks subject-matter jurisdiction to proceed.  Accordingly, the Court dismisses this case without prejudice, *see* Fed. R. Civ. P. 12(h)(3), and denies Plaintiff's [3] Motion to Appoint Counsel as moot.  The Court also certifies that an appeal from this dismissal would not be taken in good faith.

So Ordered this 26th day of October 2023.

_SL R. CL_

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE